IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEANDRE BRADLEY, #M-05197, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 18-CV-1505-MJR |
| IDOC, WARDEN LASHBROOK, and JOHN DOE, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Deandre Bradley, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Menard Correctional Center ("Menard"), brings this *pro se* action pursuant to 42 U.S.C. § 1983. According to the Complaint, Plaintiff's right leg is paralyzed, and he uses a wheelchair to ambulate. On March 10, 2018, officials transported Plaintiff from Menard to Pinckneyville Correctional Center ("Pinckneyville") in a vehicle that was not equipped for wheelchairs. During the ride, Plaintiff was thrown from his seat, causing severe pain and humiliation. In connection with this incident, Plaintiff brings claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794, as well as a constitutional claim for deliberate indifference to a serious medical condition. Plaintiff seeks injunctive relief and monetary damages.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court must dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief

1

from a defendant who is immune from suit.

## The Complaint

Plaintiff's right leg is paralyzed, and he uses a wheelchair to ambulate. (Doc. 1, p. 3). On March 10, 2018, Plaintiff was transferred from Menard to Pinckneyville (a drive of approximately two hours). (Doc. 1, pp. 3, 5). Prior to being transported, Plaintiff's hands were restrained using a device that included handcuffs, chains, and a locked blue box. (Doc. 1, p. 4). The blue box keeps the inmate's hands in a specific location and restricts all movement. *Id*. Plaintiff was also restrained with leg irons. *Id.* After the restraints were applied, Plaintiff was taken to a van that was not equipped for wheelchairs. *Id.* Plaintiff protested, stating that he feared for his safety. *Id.* Nonetheless, Lieutenant John Doe ordered correctional officers and a healthcare employee to remove Plaintiff from his wheelchair and lay him on the front bench of the van. (Doc. 1, p. 5). This process caused Plaintiff a great deal of pain. *Id.*

During the ride, Plaintiff was thrown from his seat and landed on the metal divider that separates correctional staff from inmates. (Doc. 1, pp. 5-6). Plaintiff asked officers to stop the van, but they indicated they could not stop. (Doc. 1, p. 6). Plaintiff spent the remainder of the ride "turn[ed] over, stuck between the metal divider and the seat" in an awkward position. (Doc. 1, p. 6). He experienced excruciating pain and was humiliated. (Doc. 1, pp. 6-7). When Plaintiff arrived at Pinckneyville, he was removed from the van and taken to the healthcare unit where he requested pain medication and treatment for his injuries. (Doc. 1, p. 7).

## Merits Review Under § 1915(A)

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The

designation of these Counts does not constitute an opinion regarding their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]

> **Count 1 –** Americans with Disabilities Act and/or Rehabilitation Act claim against IDOC and Warden Lashbrook (official capacity) for failing to meet Plaintiff's disability-related needs when he was transported to Pinckneyville on March 10, 2018.
>
> **Count 2 –** Eighth Amendment claim against John Doe for deliberate indifference to Plaintiff's disability-related needs when he was transported to Pinckneyville on March 10, 2018.

### Count 1

According to the ADA, "no qualified individual with a disability shall, because of that disability ... be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The RA likewise prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. However, the RA includes as an additional requirement the receipt of federal funds, which all states accept for their prisons. *Cutter v. Wilkinson*, 544 U.S. 709, 716 n. 4 (2005). Discrimination under both includes the failure to accommodate a disability. *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012) (citation omitted).

Plaintiff has alleged that he is a qualified person with a disability due to his physical impairment under both the ADA and RA. Further, he has alleged that Defendants failed to make reasonable accommodations to provide him with access to services[2] on the same basis as other inmates. These allegations are sufficient to articulate a colorable ADA and/or RA claim, at least at this early stage. Accordingly, Count 1 shall proceed against IDOC and Warden Lashbrook in

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").
[2] *See Lacy v. Dart*, 2015 WL 5921810, *10 (N.D. of Ill. Oct. 8, 2015) (transportation made available to inmates constitutes services within the meaning of the ADA).

her official capacity. *See Jaros v. Illinois Dept. of Corrections,* 684 F.3d 667, 670 n. 2 (7th Cir. 2012); *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012).

## Count 2

The Eighth Amendment protects prisoners from conditions of confinement that pose a substantial risk of serious harm to the prisoner. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials may be liable for an Eighth Amendment violation if they know that an inmate faces a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). In addition, deliberate indifference to serious medical needs of prisoners also constitutes cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

The allegations support a claim in Count 2 against Lieutenant John Doe who, despite knowing that Plaintiff was disabled and bound to a wheelchair and despite Plaintiff's safety related objections, directed officials to transport Plaintiff in a vehicle that was not equipped for Plaintiff's disability. Accordingly, count 2 shall receive further review.

## **Identification of Unknown Defendant**

The current Warden of Menard, Jacqueline Lashbrook, will be responsible for responding to discovery (informal or formal) aimed at identifying the unknown defendant. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the unknown defendant is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

**Pending Motions**

Plaintiff has filed a Motion to Inform the Court (Doc. 4), stating that he intends to pay the full filing fee. The Motion shall be terminated as moot. Plaintiff paid the full filing fee on August 24, 2018.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** will proceed as to **IDOC** and **LASHBROOK** (official capacity only).

**IT IS FURTHER ORDERED** that **COUNT 2** will proceed as to **JOHN DOE.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **IDOC** and **LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendant until such time as Plaintiff has identified him by name in a properly filed Motion for Substitution of Parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Stephen C. Williams for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 17, 2018**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court