UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE BRADLEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:18-cv-1505-GCS |
| | ) |
| ROB JEFFREYS, | ) |
| and FRANK LAWRENCE, | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

Now before the Court is Plaintiff Deandre Bradley's amended motion for summary judgment. (Doc. 70, 79). Defendants oppose the motion. (Doc. 77). Based on the reasons delineated below, the Court denies the motion.

On August 15, 2018, Bradley, a former inmate within the Illinois Department of Corrections ("IDOC") housed at Menard Correctional Center ("Menard"), brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). According to the Complaint, Bradley's right leg is paralyzed, and he uses a wheelchair to

ambulate. On March 10, 2018, officials transported Bradley from Menard to Pinckneyville Correctional Center ("Pinckneyville") in a vehicle that was not equipped for wheelchairs. During the ride, Bradley was thrown from his seat causing severe pain and humiliation. In connection with this incident, Bradley brings claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794, as well as a constitutional claim for deliberate indifference to a serious medical condition. Bradley seeks injunctive relief and monetary damages.

On September 17, 2018, the Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and allowed Bradley to proceed on the following claims:

> **Count 1 –** Americans with Disabilities Act and/or Rehabilitation Act claim against IDOC and Warden Lashbrook (official capacity) for failing to meet Plaintiff's disability-related needs when he was transported to Pinckneyville on March 10, 2018.
>
> **Count 2 –** Eighth Amendment claim against John Doe for deliberate indifference to Plaintiff's disability-related needs when he was transported to Pinckneyville on March 10, 2018.

On April 8, 2019, Chief District Judge Nancy J. Rosenstengel, pursuant to Federal Rule of Civil Procedure 41(b), dismissed John Doe as a defendant leaving Count 1 against then IDOC Director John Baldwin and then Warden Lashbrook (Doc. 24).[1] With the consent of the parties, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c)

---

[1] On November 20, 2019, pursuant to Federal Rule of Civil Procedure 35(d), Rob Jeffreys and Frank Lawrence were substituted for Baldwin and Lashbrook, respectively. (Doc. 47).

and Federal Rule of Civil Procedure 73. (Doc. 58). Subsequently, Bradley filed the instant amended motion for summary judgment. (Doc. 70). As the matter is ripe, the Court turns to address the merits of Bradley's motion.

## FACTS[2]

At all times alleged in the complaint, Bradley was paralyzed and wheelchair bound. Prior to transporting Bradley, Defendants were aware Bradley suffered from paralysis and was wheelchair bound. The IDOC receives federal funding. Menard did not have a wheelchair accessible van on March 10, 2018. Illinois Department of Corrections Administrative directive 04.01.111(F)(5) provides: "[o]ffenders requiring the use of a wheelchair shall be transported in wheelchair accessible vehicles."

## LEGAL STANDARDS

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014)(citing FED. R. CIV. PROC. 56(a)). *Accord Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enterpr., Inc.*, 753 F.3d 676, 681-682 (7th Cir. 2014).

---

[2] The following facts are not disputed by the parties.

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *See Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained and as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014). The Court's role at summary judgment is not to evaluate the weight of evidence, to judge witness credibility, or to determine the truth of the matter. Instead, the Court is to determine whether a genuine issue of fact exists. *See Nat'l Athletic Sportwear Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

In order to make out a *prima facie* case of discrimination under both the ADA and the RA, a plaintiff must show: (1) that he suffers from a disability as defined in the statutes, (2) that he is qualified to participate in the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability. *See Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005). The RA further requires that a plaintiff show that the program in which he was involved received federal financial assistance. *Id.* at 810 n.2.; 29 U.S.C. § 794(a). *See also Novak v. Bd. of Trustees of S. Ill. Univ.*, 777 F.3d 966, 974 (7th Cir. 2015).

ANALYSIS

Bradley argues that he is entitled to summary judgment because Defendants did not use a wheelchair when he was transported on March 10, 2018.[3] Defendants counter that Bradley's arguments do not support a finding of summary judgment in his favor. In fact, Defendants dispute Bradley's need for a wheelchair on that day and dispute that the failure to transport him in an ADA van constitutes a constitutional violation that would entitle him to summary judgment in his favor. While Defendants admit that Bradley was not transported in an ADA van, they contend that reasonable accommodations were provided to Bradley during the transport on March 10, 2018.

Viewing the record in the light most favorable to Defendants, the Court finds that there are material questions of fact as to whether Bradley has established viable ADA and RA claims against Defendants. Based on the undisputed facts, Bradley fails to establish that he was denied a benefit/service because of his disability.

Lastly, the Court rejects Bradley's argument that Defendants violated his constitutional rights regarding his ADA and RA claim because they did not comply with Section 04.01.11(F)(5) of the Illinois Administrative Code. A violation of a policy, custom, or practice is not relevant to the claims in this case. *See Thompson v. City of* Chicago, 472 F.3d 444, 454 (7th Cir. 2004)(noting that any deviation from internal policies "is

---

[3]      Bradley relies on *Jaros v. I.D.O.C.*, 684 F.3d 667, 672 (7th Cir. 2012). However, *Jaros* is inapplicable as this case is at the summary judgment stage and *Jaros* was decided at the screening stage pursuant to 28 U.S.C. § 1915. The Seventh Circuit reversed the district court's dismissal of Jaros' ADA and RA claims and found that the plaintiff had pleaded a plausible claim for failure to make reasonable accommodations.

completely immaterial as to the question of whether a violation of the federal constitution has been established."); *Watford v. Pfister*, No. 19-3221, 2020 WL 3564666, at *2 (7th Cir. July 1, 2020)(stating that "[r]egardless of how [plaintiff] frames his claims, however, they all turn on an alleged violation of the state administrative code. And as the district court correctly recognized, the violation of a state law is 'completely immaterial . . . of whether a violation of the federal constitution has been established.'")(quoting *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006)). Based on the record, the Court finds that there are genuine issues of material fact that preclude summary judgment in favor of Bradley.

## CONCLUSION

Accordingly, the Court **DENIES** Bradley's amended motion for summary judgment (Doc. 70).

**IT IS SO ORDERED.**

**Dated: July 27, 2020.**

Digitally signed by
Magistrate Judge
Gilbert C. Sison
Date: 2020.07.27
09:41:37 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**