UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE BRADLEY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 3:18-cv-01505-GCS |
| | ) |
| ROB JEFFREYS, | ) |
| and FRANK LAWRENCE, | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On August 15, 2018, Plaintiff Deandre Bradley, a former inmate within the Illinois Department of Corrections ("IDOC") housed at Menard Correctional Center ("Menard"), brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). According to the Complaint, Bradley's right leg is paralyzed, and he uses a wheelchair to ambulate. On March 10, 2018, officials transported Bradley from Menard to Pinckneyville Correctional Center ("Pinckneyville") in a vehicle that was not equipped for wheelchairs. During the ride, Bradley was thrown from his seat causing severe pain and humiliation. In connection with this incident, Bradley brings claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794, as well as a constitutional claim for deliberate indifference to a serious medical condition. Bradley seeks injunctive relief and monetary damages.

On September 17, 2018, the Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and allowed Bradley to proceed on the following claims:

> **Count 1 –** Americans with Disabilities Act and/or Rehabilitation Act claim against IDOC and Warden Lashbrook (official capacity) for failing to meet Plaintiff's disability-related needs when he was transported to Pinckneyville on March 10, 2018.
>
> **Count 2 –** Eighth Amendment claim against John Doe for deliberate indifference to Plaintiff's disability-related needs when he was transported to Pinckneyville on March 10, 2018.

On April 8, 2019, Chief District Judge Nancy J. Rosenstengel, pursuant to Federal Rule of Civil Procedure 41(b), dismissed John Doe as a defendant leaving Count 1 against then IDOC Director John Baldwin and then Warden Lashbrook (Doc. 24).[1] With the consent of the parties, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 58).

Now pending before the Court is an August 5, 2020 motion for summary judgment on the merits filed by Defendants. (Doc. 104, 105). Along with the motion for summary judgment, Defendants filed the required Federal Rule of Civil Procedure 56 notice informing Bradley of the consequences of failing to respond to the motion for summary judgment. (Doc. 103). On August 27, 2020, the Court allowed Bradley up to and including September 14, 2020 to file a response to the motion. (Doc. 107). As of this date,

---

[1] On November 20, 2019, pursuant to Federal Rule of Civil Procedure 35(d), Rob Jeffreys and Frank Lawrence were substituted for Baldwin and Lashbrook, respectively. (Doc. 47).

Bradley has not responded to the motion for summary judgment. For the following reasons, the motion for summary judgment filed by Defendants is **GRANTED**.

The Court notes that Bradley is an experienced and active *pro se* litigant who has prosecuted many actions in this Court. In June 2020, at his request, he was granted CM/ECF e-filing access to improve his access to the Court. As stated before, Bradley has not responded to the motion despite being warned through Defendants' Rule 56 Notice and the time to respond to the motion has passed. The Court considers Bradley's failure to respond as an admission of the merits of the motion filed by Defendants. *See* SDIL Local Rule 7.1(c); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). *See also Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)(noting that a failure to respond constitutes an admission that there are no undisputed material facts). Based on this admission, the Court finds that Defendants did not violate the Americans with Disabilities Act and/or the Rehabilitation Act.

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants is **GRANTED**. The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Defendants and against Bradley and close the case.

**IT IS SO ORDERED.**

**DATED: September 22, 2020.**

Digitally signed by Judge Sison 2
Date: 2020.09.22 14:46:34 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**